Carl J. Mugglin, Esq. Town attorney, Walton
You have asked whether the offices of village trustee and elected town assessor are incompatible and whether incompatibility is avoided under any of three variations:
 "a.) Where the Village Trustees constitute the Village Assessors.
 "b.) Where the Chairman of the Town Assessors is appointed as the Village Assessor.
 "c.) Where the Village Assessor is appointed by the Village Board, but is not a Town Assessor."
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
A village may assess real property within the village for village tax purposes either by establishing an assessment roll prepared by the village or by using the town's assessment roll of property within the village as assessed for town taxes (Real Property Tax Law, §1402[2]). If the village uses the town assessment roll, the offices of town assessor and village trustee are incompatible because of an inherent inconsistency in loyalties. On the one hand, as town assessor a person is charged with assessing all property in an impartial manner; on the other hand, as an elected village trustee, the same person unconsciously, if not consciously, would tend to favor the property owners of the village.* This conflict was presumably the basis for our conclusion over 30 years ago that "there would be no doubt as to the incompatibility of the offices" (1950 Op Atty Gen [Inf] 200).
The same inconsistency exists if the village trustees assess village property. In such a case, the village trustee who is a town assessor has a more complicated problem. If the town roll appears to favor the village, the trustee may be reluctant to favor a higher village assessment because that would highlight the difference. But if the town roll does not favor the village, the village trustee/town assessor may be torn between defending the town roll and agreeing with fellow trustees who dispute some assessments. We think that the rule of incompatibility where the town assessment roll is used applies equally to a situation where the board of trustees are the assessors. This covers your first variation.
Your third variation creates no unavoidable inconsistency. The village assessor is appointed for a term of one year (Village Law, §3-302[4]) and can be removed only for good cause (Public Officers Law, § 35). The village trustee/town assessor could participate in the appointment of a village assessor without raising a conflict by virtue of serving as a town assessor. An unavoidable conflict would arise, however, if the board of review consisted of the board of trustees and the village assessor (Real Property Tax Law, §1408[1]). Since the Board of Review hears property-owner complaints that their property is improperly assessed, the village trustee/town assessor could easily be faced with a situation where the complaining property owner used the town's determination of market value as an argument against the village's determination of market value. If, however, the board of review consists of a majority of the board of trustees and the village assessor (ibid.), and the village trustee/town assessor does not serve on the board of review, the conflict is avoided.
In the case of your second variation, one of the village trustees is an elected town assessor serving with the chairman of the town board of assessors, who would be appointed as village assessor. As noted above, a village assessor is independent and not subject to control by the board of trustees. Nevertheless, we are inclined to doubt the advisability of appointing the chairman of the town assessors as a village assessor of a village, one of whose trustees is also an elected town assessor. The only acts of the village trustee which might give rise to a conflict are the act of appointment of the chairman as village assessor and the chairman serving as a member of the village board of review. The village trustee/town assessor can avoid these conflicts by not participating in the vote on appointment and by not serving on the board of review.
The problem with this avoidance of these specific conflicts is that there is a continuing close relationship between the two multi-member bodies with a member common to both. The trustee as town assessor has to work with the chairman who, as village assessor, may be criticized or overruled by the village board of review consisting of the assessor and fellow trustees. This is analogous to the divided loyalty discussed earlier in the case of using the town assessment roll for village purposes. We are not prepared to say that the common law rule of incompatibility governs this situation; we do think, however, that the situation is so clouded that the board of trustees should appoint someone other than the chairman of the town assessors if one of the village trustees continues as a town assessor.
We conclude that a village trustee may not serve as an elected town assessor if the village uses the town assessment roll for village tax purposes or if the board of trustees constitute the village assessors; that a village trustee may continue to serve as an elected town assessor if the village appoints a village assessor but the trustee should not serve on the board of review; and that it is not advisable for a village board to appoint the chairman of a town board of assessors to be the village assessor if one of the trustees is a member of the town board of assessors.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We note that the lower the assessments of village real property, the higher the village tax rate must be to generate equal revenue. This might give a village trustee pause, but presumably the trustee would also be aware that the village's town taxes would be lower than would otherwise be the case.